UNITED STATES, Appellee,

v.

**Specialist Four James O. GRIFFIN, SSN 374–84–6613, United States Army, Appellant.**

CM 443861.

U.S. Army Court of Military Review.

23 Dec. 1983.

Colonel R. Rex Brookshire II, JAGC, Captain Thomas J. Feeney, JAGC, and Captain Jesse W. Bendahan, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Samuel J. Rob, JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

OPINION OF THE COURT

SU–BROWN, Judge:

Tried by general court-martial composed of officer and enlisted members, the appellant was convicted of indecent assault, communicating obscene language, and indecent exposure in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for 12 months, and reduction to Private E–1.

Appellant contends that the record of trial is nonverbatim because the court reporter failed to record the testimony of Mrs. T,

a key government witness. This oversight was noted at the conclusion of her testimony. The witness was recalled, and over appellant's objection, she testified a second time. We conclude that the record is sufficiently verbatim and affirm.

As the victim and sole eye-witness to the offenses of indecent assault and communicating obscene language, Mrs. T. was a crucial government witness. At the conclusion of her testimony, the court reporter noted that her testimony was not recorded. After a short recess to allow counsel to research the issue, the military judge heard from both counsel. The trial counsel recommended the recall of Mrs. T. with an instruction to the members to disregard her previous testimony. The trial defense counsel vigorously opposed this recommendation, arguing that her testimony would be tainted by her previous experience as a witness. He argued that the jurisdictional limit of the case should not exceed that of a regular special court-martial.

The military judge denied the defense objection, recalled the court members, and instructed them that due to a recording equipment malfunction, they must: "disregard all the testimony you've heard from Mrs. [T], and we're going to hear her again, and you will only consider the testimony you hear the second time." He further cautioned them to destroy any notes they may have taken in regard to her testimony. Mrs. T. testified anew, and underwent vigorous cross-examination immediately thereafter. The trial defense counsel did not articulate any specific prejudice suffered by appellant due to Mrs. T. testifying anew. On appeal, appellant relies upon the presumption of prejudice which inures from a substantial omission from the record of trial. *See United States v. Boxdale,* 22 U.S.C. M.A. 414, 47 C.M.R. 351 (1973). Appellant argues that the military judge had a duty either to declare a mistrial or to reconstruct the lost testimony, rather than recalling the witness.

 There is a clear requirement that general courts-martial contain a verbatim transcript of the proceedings. *United*

*States v. Lashley,* 14 M.J. 7 (C.M.A.1982) (and cases cited therein); Article 54, UCMJ. When there is a substantial omission from the record, a presumption of prejudice results, *United States v. Boxdale, supra* at 352. Sometimes omissions are so substantial as to require a new trial. In this case, however, the military judge obviated the possibility of prejudice by beginning the examination of Mrs. T. anew shortly after the failure to record the testimony was noted. This procedure is the preferred method of handling unrecorded testimony. *See United States v. Platt,* 21 U.S.C.M.A. 16, 44 C.M.R. 70 (1971); *United States v. English,* 50 C.M.R. 824 (A.F.C.M.R.1975); *United States v. Phillips,* 15 M.J. 671 (A.F. C.M.R.1983). We note that the Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter MCM 1969 (Rev) ] does not specify the means by which a defective record of trial may be reconstructed. The method of reconstruction is not a matter of principal concern. The main reason for a verbatim record is to ensure an accurate transcript for purposes of appellate review and review by the convening authority. Paragraph 82*i,* MCM 1969 (Rev); *United States v. Boxdale, supra* at 352.

In many respects this case closely resembles the facts in *United States v. Lashley, supra.* Both cases involved a serious omission from the record of qualitatively-related testimony which went directly to the merits of the government's case. Although the omission from the record of Mrs. T's testimony was complete, we are convinced that calling the witness to testify again provided substantially a verbatim transcript. Our conclusion is based upon factors similar to those found in *Lashley,* to include the military judge's prompt remedial action within an hour and a half of the noted omission in the record, which ensured the fresh recollection of the witness and counsel alike, and the full participation of both counsel in direct and cross-examination. Although the witness (Mrs. T.) and the government could potentially benefit from the experience to be derived from her initial unre-

corded testimony, the trial defense did not attempt to articulate any specific prejudice. Nor would the declaration of a mistrial obviate the benefits of the witness' initial courtroom experience, since she would still be required to testify again. In view of the military judge's timely instruction to the court members to disregard Mrs. T's previous testimony, which the court members are presumed to follow, *United States v. Ricketts,* 23 U.S.C.M.A. 487, 50 C.M.R. 567 (1975), we are satisfied that no prejudice inured to the appellant. This determination is reinforced by the absence of a specific objection by the defense counsel at trial related to some aspect of the witness' testimony. We conclude that the steps taken by the military judge to examine the witness anew so minimized the possibility of error that the reconstruction provided a verbatim record. *United States v. Lashley, supra; United States v. DeWayne,* 7 M.J. 755 (A.C. M.R.1979), *pet. denied* 8 M.J. 25 (C.M.A. 1979).

We have reviewed the remaining assignment of error and find it lacking in merit.

The findings of guilty and the sentence are affirmed.

Senior Judge CLARKE and Judge BADAMI concur.