618

UNITED STATES, Appellee,

v.

Staff Sergeant Donnie W. BAKER, 449–92–0979, United States Army, Appellant.

. CM 446612.

U.S. Army Court of Military Review.

20 Nov. 1985.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major John E. King, JAGC, Captain Robert W. Wiechering, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Stephen B. Pence (on brief).

Before RABY, CARMICHAEL and ROBBLEE, Appellate Military Judges.

OPINION OF THE COURT

ROBBLEE, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officers and enlisted members of wrongful possession and attempted wrongful distribution of methamphetamines, in violation of Articles 134 and 80, Uniform Code of

Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 934 and 880 (1982). He was sentenced to a dishonorable discharge, confinement for three years, forfeiture of $298.00 pay per month for three years, and reduction to Private E–1. The convening authority approved the sentence.

■ Appellant asserts that the court-martial did not have jurisdiction over him because the record of trial does not include his written request for enlisted members. To support his assertion, appellant cites Article 25, UCMJ, 10 U.S.C. § 825, which pertinently states:

> Any enlisted member ... shall serve as a member of a court *only if*, before the conclusion of a session called by the military judge under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused, *the accused personally has requested in writing that enlisted members serve on it.*

(Emphasis supplied).

Additionally, appellant relies on Rule for Courts-Martial [hereinafter RCM] 1103(b)(2)(D)(iii) and *United States v. White*, 45 C.M.R. 357 (CMA 1972), and its progeny,[1] for support. In *White*, the Court of Military Appeals held that

> a convening authority is without power to designate enlisted members to sit, *absent the personal written request of the accused.* Not even the accused's counsel may act for him. Manifestly, Congress intended [2] that the accused's personal written request [was] an indispensable prerequisite to an enlisted man's membership on a particular court.

*Id.* at 362 (Emphasis added). Furthermore, RCM 1103(b)(2)(D)(iii) requires that records of trial include requests for enlisted members.

In resolving this issue, we note, in particular, the following colloquy between appellant, the military judge, and the trial counsel contained in the record of trial:

MJ: Now, knowing and understanding the differences between a trial with members and a trial by judge alone, what is your desire?

[Appellant]: A trial by members.

MJ: Okay. *Is there a written request for enlisted personnel?*

TC: *Yes,* Your Honor. *It's been marked Appellate Exhibit I and I'll hand it to you now.*

MJ: *Sergeant Baker, is that your signature right above your printed name?*

[Appellant]: *Yes sir.* It is.

(Emphasis added). Although appellant's request for trial with enlisted members is now missing, the foregoing convinces us that appellant executed such a request before trial; that he did so in writing; that the request was properly marked as Appellate Exhibit I; that the request was examined by the court; and, that appellant acknowledged his signature thereon. Accordingly, we find, as fact, that appellant personally executed such a request in writing before trial. Thus, we conclude that the court was lawfully convened, was lawfully constituted, and had jurisdiction over both the offense and the appellant.

In reaching this result we have given careful consideration to the precedents of the Court of Military Appeals which hold that a personally-made written request for enlisted members is a jurisdictional prerequisite to trial by a court-martial which includes enlisted members in its composition. We deem such precedent to be distinguishable from the case at bar because in each of the prior cases appellant failed to sign a written request for enlisted members per-

---

**1.** *See, e.g., United States v. Landrum*, 3 M.J. 160 (C.M.A.1977) (summary disposition); *Gallagher v. United States*, 46 C.M.R. 191 (C.M.A.1973); *Asher v. United States*, 46 C.M.R. 6 (C.M.A.1972).

**2.** The Court concluded that Congress had added the words "personally" before the phrase "has requested in writing" in order to insure that an accused " 'personally makes that choice and does the signing personally and doesn't delegate it to anyone else—counsel or otherwise.' Hearings before House Armed Services Committee on H.R. 2498, 81st Congress, 1st Session, page 1147." *United States v. White*, 45 C.M.R. at 361–362.

sonally. Because we have made factual findings to the contrary in the case at bar, we decline to follow *United States v. White*, 45 C.M.R. 357, and its progeny in the disposition of this case. In our view, to do so would elevate form over substance. The fact that a written request for trial by enlisted members is missing as an appellate exhibit from the trial record does not deprive a court-martial of jurisdiction when the record clearly establishes, as it does here, that the appellant duly executed and timely made such a request. Failing to attach the request to the trial record as an exhibit did, however, violate the provisions of RCM 1103. But, in our view, this error was inconsequential and harmless in light of the existing facts, and in no way alters our finding that jurisdiction existed in this case. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a). We are convinced that, although the existence of a personally-made written request by an accused for enlisted persons is an "indispensable prerequisite" for the accused's trial by such a court-martial, the subsequent, unexplained loss of such a document does not rise to such a level when the existence of the request is otherwise established in the trial record. *Cf. United States v. Richardson*, 5 M.J. 627, 629 (A.C.M.R.1978).

■■■ Appellant additionally contends that his record of trial is incomplete and thus nonverbatim because his request for trial by enlisted members (Appellate Exhibit I) and another exhibit (Appellate Exhibit V), the nature of which he characterizes as "unclear", are not attached to the record of trial. We disagree and conclude the record is sufficiently verbatim.

It is well-established that general courts-martial must be transcribed verbatim. *See United States v. Lashley*, 14 M.J. 7 (C.M.A. 1982); Article 54, UCMJ, 10 U.S.C. § 854; RCM 1103(b)(2)(B) and (D). Likewise, it is

settled that when there is a substantial omission from the record, a presumption of prejudice results. *See United States v. Boxdale*, 47 C.M.R. 351, 352 (C.M.A.1973); *United States v. Griffin*, 17 M.J. 698, 699 (A.C.M.R.1983), *pet. denied*, 18 M.J. 292 (C.M.A.1984). Insubstantial omissions from a record of trial, however, neither affect its status as verbatim nor prevent its characterization as complete and accurate for appellate review. *United States v. McCullah*, 11 M.J. 234 (C.M.A.1981); *United States v. Boxdale*, 47 C.M.R. at 352; *United States v. Griffin*, 17 M.J. at 699.[3]

The following exchange occurred immediately after the military judge admitted Appellate Exhibit IV, a stipulation of expected testimony, and before he admitted Appellate Exhibit VI, the findings worksheet:

MJ: Questions by members of the court?

Member: (MAJ Roach) Yes I do, Your Honor.

MJ: Mark it as an appellate exhibit. Any objection by either side?

TC: No, sir.

DC: [Indicates a negative response].

Although Appellate Exhibit V is missing from the record of trial, we can make certain findings of fact, based upon the entire record, the above dialogue, and our ability to identify the contents of all other appellate exhibits, except for the one pertaining to MAJ Roach's question. Specifically, we find that the military judge received a written question from a court member, MAJ Roach; that the judge had it marked as the appellate exhibit next in sequence, Appellate Exhibit V; that he allowed counsel for both sides to examine it; that neither appellant nor counsel objected to it; that the military judge then questioned appellant regarding the subject matter of the question;[4] that there were no objections to the

---

**3.** Because the record of trial establishes not only the existence of Appellate Exhibit I at trial time, but its contents as well, its absence from the trial record clearly constitutes only an "insubstantial omission." Thus, we now need only to assess the effect upon the record caused by the absence of Appellate Exhibit V.

**4.** We will presume that the military judge adequately conveyed the substance of MAJ Roach's question to the appellant during this questioning. *Cf. United States v. Martinez*, 19 M.J. 744, 751 (A.C.M.R.1984) (military officers ... [are] presumed to perform their duties in a regular manner and in good faith, as well as in compli-

questions of the military judge; and that appellant's responses adequately answered MAJ Roach's question. Accordingly, we deem the omission of Appellate Exhibit V to be insubstantial and without prejudicial effect. *See United States v. Griffin,* 17 M.J. at 699.

We have considered the other asserted errors, including those personally raised by appellant, and find them to be without merit. Accordingly, the findings and sentence are affirmed.

Senior Judge RABY and Judge CARMICHAEL concur.

ance with the law), *pet. denied,* 21 M.J. 27 (C.M.A.1985).