**UNITED STATES, Appellant,**

v.

**Colonel Charles W. FOWLER, Military Judge, Appellee, Senior Airman Terence L. Witham, Real Party in Interest.**

**Comr Dkt No. 87A–01.**

U.S. Air Force Court of Military Review.

17 March 1987.

Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Donald A. Plude for the Appellant.

Colonel Leo L. Sergi and Captain Charles L. Wille for the Appellee.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

On 18 December 1986, the accused was brought to trial before a general court-martial for 13 offenses of larceny, two offenses of forgery, and one offense of larceny of mail matter, in violation of Articles 121, 123, and 134, U.C.M.J., 10 U.S.C. §§ 921, 923, 934, respectively. Immediately after his arraignment on the charges, the accused moved before the military judge to dismiss all the charges against him because he had been denied a speedy trial guaran-

teed him under the Sixth Amendment to the Constitution of the United States and R.C.M. 707. The accused argued the motion in the alternative. First, he claimed he had been restricted to the limits of Grand Forks Air Force Base, North Dakota, continuously since 21 February 1986. Second, he claimed that if the situation he was in was not a restriction it was certainly a condition on his liberty. In any event, he argued, he was not brought to trial within 120 days from the date restraint was imposed upon him as mandated by R.C.M. 707(a),[1] and was, therefore, entitled to have the charges against him dismissed.

The accused introduced evidence to support his contention which consisted chiefly of the testimony of his first sergeant, Master Sergeant Ronald L. Carey. On 21 February 1986, Sergeant Carey had been notified by base security police personnel that the accused had been apprehended by them as a suspect in a larceny investigation. Later that day, security police personnel again contacted Sergeant Carey requesting that he take custody of the accused.[2] Sergeant Carey responded by releasing the accused "on his own recognizance". Shortly thereafter, Sergeant Carey notified the accused that he was not to leave the base for any reason without first notifying him or the accused's squadron section commander.[3] This notification requirement imposed upon the accused had previously been approved by the squadron section commander. The purpose for requiring the accused to provide notification of his whereabouts when he departed the base was, according to Sergeant Carey, "[I]n case the Security Police needed him for investigation or, at that point, we thought we might be doing an Article 32 or whatever might come up during the investigation", and "to make sure he wasn't going to bolt and run". During the period of time from 21 February 1986, until the date

---

1. On 19 February 1986, R.C.M. 707(a) was amended by Executive Order 12250 to exclude "conditions on liberty" from the speedy trial rule. The amendment became effective on 1 March 1986.

2. See R.C.M. 302(a)(1).

3. The accused was also ordered to make the required notification when he returned to the base.

of his trial, the accused was never refused permission to depart the base whenever he requested to do so. In fact, during this period of time he was authorized to take leave upon his request for periods of time on at least two occasions, one time to as far away as Florida. After arguments by both trial and defense counsel were heard by the military judge he granted the accused's motion to dismiss the charges and specifications for lack of a speedy trial. He stated:

> Conditions on liberty are orders directing a person to do or refrain from doing certain acts. The accused was ordered to report his leaving base and returning to base. It doesn't matter what the purpose was..... This restraint was to hold him for investigation or to keep him from fleeing, both for military justice purposes.

The Government now asks us to determine the correctness of the military judge's order dismissing the charges against the accused by appealing his decision under the provisions of Article 62, U.C.M.J., 10 U.S.C.A. § 862 and R.C.M. 908. The appeal has been effected in a timely manner. R.C.M. 908(b)(3). Pursuant to Article 62(b), U.C.M.J.:

> In ruling on an appeal under this section, the Court of Military Review may act only with respect to matters of law, notwithstanding section 866(c) of this title (article 66(c)).

■ Therefore, we are bound by the military judge's finding's regarding facts unless they are not fairly supported by the record or are clearly erroneous. *United States v. Burris*, 21 M.J. 140 (C.M.A.1985); *United States v. Heupel*, 21 M.J. 589 (A.F. C.M.R.1985; *United States v. Mayer*, 21 M.J. 504 (A.F.C.M.R.1985).

■ Pursuant to R.C.M. 707(a) an accused must be brought to trial within 120 days after the earlier of notice to the accused of preferral of charges under R.C.M. 308, or imposition of restraint under R.C.M. 304. A failure to comply with the rule mandates a dismissal of the affected charges upon timely motion by the accused. R.C.M. 707(e). We are concerned here with whether the accused had conditions on his liberty imposed from 21 February 1986 until he was brought to trial amounting to a pretrial restraint triggering the application of the R.C.M. 707 speedy trial rule.[4] According to R.C.M. 304 the pretrial restraint of conditions on liberty is imposed by orders directing a person to do or refrain from doing specified acts. Such conditions may be imposed in conjunction with other forms of restraint or separately. R.C.M. 304, Discussion, provides several examples of conditions on liberty. They are:

> Conditions on liberty includes orders to report periodically to a specified official, orders not to go to a certain place (such as the scene of the alleged offense), and orders not to associate with specified persons (such as the alleged victim or potential witnesses). Conditions on liberty must not hinder pretrial preparation, however. Thus, when such conditions are imposed, they must be sufficiently flexible to permit pretrial preparation.

In the case before us, we do not find any evidence in the record to show that the order given to the accused by Sergeant Carey requiring him to report his whereabouts to either Sergeant Carey or his commander whenever he would depart and return to the base to be an order imposing any moral or physical pretrial restraint upon him. The accused was not required to physically report periodically to any specified official. He was not ordered to refrain from associating with specified persons. Further, there is no showing in the record that the accused was in any way hindered in his pretrial preparation. The accused was allowed to, and did, leave the base at will, save telephonic notification to his first sergeant or commander. We do not find that the requirement imposed upon the accused to be conditions on liberty contemplated by R.C.M. 304(a)(1). See *United*

---

**4.** A total of 285 days elapsed from 21 February 1986, until the date of trial. Charges were preferred against the accused on 6 November 1986, 42 days before his trial by court-martial began.

*States v. Orback,* 21 M.J. 610 (A.F.C.M.R. 1985).

We find the military judge's findings that the pretrial restraint of conditions of liberty was imposed upon the accused to be unsupported by the record, and that he, therefor, erroneously dismissed all charges against the accused. His decision is reversed. Accordingly, the Government's appeal from the military judge's ruling is granted. The record is returned to The Judge Advocate General for remand to the convening authority for action deemed appropriate.

HODGSON, Chief Judge, and HOLTE, Judge, concur.