**UNITED STATES, Appellee,**

v.

**Private First Class Ronald V. Le-PROWSE, 516–92–7582, United States Army, Appellant.**

**ACMR 8701099.**

U.S. Army Court of Military Review.

24 May 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. Vanderboom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Thomas L. Herrington, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before FELDER, GILLEY and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a military judge sitting as a general court-martial at Fort Hood, Texas. Contrary to his pleas, appellant was found guilty of two specifications of attempted indecent liberties, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (1982). The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence.

Appellant asserts (1) that the specifications alleging attempted indecent liberties upon a child fail to state the essential element of the offense, *i.e.*, that the acts were committed "with the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both," Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], Part IV, para. 87b(2)(e); (2) that the evidence of appellant's conduct was insufficient to prove a criminal attempt as it established no "more than mere preparation" to commit the offenses; (3) that the military judge erred in admitting in evidence certain sexual paraphernalia and sexually explicit books and magazines; and (4) that the attempted indecent liberties are multiplicious for findings. We will address appellant's claims of error seriatim.

While the specifications of the Charge [1] do not expressly allege the specific intent element of taking an indecent liberty, namely, that the appellant acted "with the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both," M.C.M., 1984, Part IV, para. 87b(2)(e), we believe that the specifications do so by fair implication. *See United States v. Watkins*, 21 M.J. 208, 209 (C.M.A.1986) ("[a] specification need not expressly allege all elements of an offense, but it must aver all elements by fair implication"). *See also* M.C.M., 1984, Part IV, para. 4f.

Certainly, it would have been better had all the elements of the indecent liberties offenses been pled; however, we conclude, as did the military judge [2] that the written pleadings were sufficient to preclude a further prosecution on the same facts. *See United States v. Simpson*, 25 M.J. 865, 866 (A.C.M.R.1988). In the case *sub judice* we note that each of the specifications employed the words "wrongfully and indecently approach[ed] said [victim] and ask[ed] him to go under a bridge and remove his trousers ... and ... offer[ed] to pay the said [victim] money for doing the same." These words, in addition to the definition of "indecent" as emphasizing an act "tend[ing] to excite lust and deprave the morals with sexual relations," M.C.M.,

---

1. Specification 1: In that Private First Class Ronald V. LeProwse, US Army, A Battery, 3rd Battalion, 82nd Field Artillery, 1st Cavalry Division, did, at Fort Hood, Texas, on or about 7 February 1987, attempt to take indecent liberties with Matthew Houser, a male military dependent under 16 years of age, by wrongfully and indecently approaching the said Matthew Houser and asking him to go under a bridge and remove his trousers and to expose his private parts*, and by offering to pay the said Matthew Houser money for doing the same, such conduct being of a nature to bring discredit upon the armed forces.

   Specification 2: In that Private First Class Ronald V. LeProwse, US Army, A Battery, 3rd Battalion, 82nd Field Artillery, 1st Cavalry Division, did at Fort Hood, Texas, on or about 7 February 1987, attempt to take indecent liberties with Ryan Joy, a male military dependent under 16 years of age by wrongfully and indecently approaching the said Ryan Joy and asking to go

   under a bridge and remove his trousers and to expose his private parts*; and by offering to pay the said Ryan Joy money for doing the same, such conduct being of a nature to bring discredit upon the armed forces.

   * The appellant was found guilty of the specifications, except the words "and to expose his private parts."

2. In denying a motion to dismiss the complained of specifications for failure to allege an offense, the military judge pertinently found that:

   [t]here has been no showing or allegation that the accused has been misled; no showing or allegation that the accused has been unable to prepare to meet these offense [sic]. The offenses are stated sufficiently to insulate the accused from any further problems with double jeopardy; the wording fairly states the offenses and that is what the accused must answer to.

1984, Part IV; para. 90c, satisfy us that it is permissible to imply the requisite intent element of the offense of indecent liberties. Accordingly, we deem this assignment of error to be without merit.

■ Likewise, we find without merit appellant's claim that the evidence fails to establish the attempted indecent liberties. A fortiori, to be guilty of an attempt an accused must be engaged in conduct which amounts to more than mere preparation to commit the offense. At least a substantial step toward commission of the crime must be taken. Further, such a step must be conduct corroborative of the firmness of the defendant's criminal intent. United States v. Byrd, 24 M.J. 286, 290 (C.M.A. 1987), citing United States v. Jackson, 560 F.2d 112, 116 (2d Cir.), cert. denied, 434 U.S. 941, 98 S.Ct. 434, 54 L.Ed.2d 301 (1977); see also United States v. Presto, 24 M.J. 350 (C.M.A.1987).

■ Here the evidence of record reflects that the appellant approached his victims, two young boys, and joined them in skipping rocks on the surface of an adjacent stream. While he thus sought their confidence, he engaged them in conversation regarding what they did for spending money. As they talked, the appellant asked the boys if they were willing to go under a nearby bridge and remove their pants for a dollar. When the boys refused and began to walk away, the appellant followed them and offered to raise the price to $2.50. We conclude that appellant's conduct beyond his initial efforts to befriend the boys constituted substantial steps directed towards the commission of these offenses. Moreover, in our view, appellant's requests that the boys remove their trousers cannot be explained in innocent terms. Thus, we find appellant's conduct to be strongly corroborative of his criminal intent. Accordingly, the evidence establishes the required overt actions.

As to appellant's third assignment of error, the military judge, over defense objection, admitted in evidence a dildo, a tube of

Joy Jelly lubricant, four paperback books,[3] a directory listing bisexual males and females in Texas, and Gym magazine, a magazine featuring acts of homosexual sodomy between young men purporting to be athletes. The military judge, in overruling the trial defense counsel's objections, held that the exhibits were admissible as evidence probative of the accused's intent.

Manual for Courts–Martial, United States, 1984, Military Rule of Evidence [hereinafter Mil.R.Evid.] 404(b), provides the general rule barring from evidence the admission of extrinsic acts to demonstrate an accused's bad character to prove criminal predisposition in the individual. It pertinently provides that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to prove that the individual acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(Emphasis added.)

■ The purposes stated in Mil.R. Evid. 404(b) for the admissibility of evidence of "other crimes, wrongs, or acts" are not all inclusive. United States v. Peterson, 20 M.J. 806, 811 (N.M.C.M.R.1985). The admissibility of such extrinsic evidence turns on the degree to which the extrinsic offense is similar to the charged offense. Id., citing United States v. Beechum, 582 F.2d 898, 911 (5th Cir.1978). As the court noted in United States v. Peterson, 20 M.J. at 811, "[t]he degree of similarity required is not constant but varies according to the purpose for which the evidence is offered." More specifically, the greater degree of similarity which is required to establish the admissibility of evidence of modus operandi or common scheme or plan does not apply to acts merely negating innocent intent. United States v. Brannon, 18 M.J. 181, 185 (C.M.A.1984); see also United States v. Peterson, 20 M.J. 811 at n. 3.

---

**3.** The books were entitled Di's Black Boy, Boot Licking Recruit, Teen–Mastered, and Locker Room Lovers.

Finally, extrinsic acts admissible under Mil. R.Evid. 404(b) must be admissible under the balancing test of Mil.R.Evid. 403. *United States v. Brannon*, 18 M.J. at 185.

■ Viewed in this context we are satisfied that the pictorial and written evidence challenged by the defense was properly admitted for the purpose of establishing the appellant's criminal intent. The contents of the the directory listing male and female bisexuals in Texas, and the *Gym* magazine, suggest that the appellant was an individual inclined to seek sexual gratification by observing deviant behavior. Moreover, these materials were in appellant's possession in close proximity to the time of the commission of the offenses. *Compare with United States v. Boulton*, ACMR 8600407 (30 Dec. 1987) (unpub.) (mere possession of pornographic magazine without nexus to charged offense inadmissible on sentencing). The appellant was apprehended on the day after the offenses, and upon consenting to a search of his quarters, he voluntarily surrendered the written materials stating, "This is what you are looking for." Further, the boys testified that the appellant had a bag from which a magazine had protruded on the day of the incident. We believe that under these circumstances appellant's intent regarding the possession of the challenged printed evidence was sufficiently similar to that required by the charged offenses to allow it in evidence to negate the possibility of an innocent intent at the time of the charged offenses. *See* Mil.R.Evid. 401 and 404(b). Inasmuch as we are satisfied that the probative value of the challenged pictorial and written evidence was not substantially outweighed by the danger of unfair prejudice in the instant circumstances, the military judge properly admitted it in evidence. *See* Mil.R.Evid. 403.

■ The admission in evidence of the challenged sexual paraphernalia, the dildo and lubricating jelly, however, was error, since we perceive appellant's intention with respect to such evidence vis-a-vis that requisite to the charged offenses was insufficient to demonstrate relevance. *See* Mil.R. Evid. 401; *see also United States v. Mann*,

26 M.J. 1, 3 (C.M.A.1988). In light of the overwhelming nature of the remaining evidence of record we deem this error to have been harmless. *See*, Article 59(a), UCMJ; *United States v. Mann*, 26 M.J. at 5, citing *United States v. Barnes*, 8 M.J. 115, 116 (C.M.A.1979).

Assuming *arguendo* that the evidence was improperly received we nonetheless would conclude that no harm inured to the detriment of the appellant. The testimony of the victims, the appellant's apology to one of their fathers, and his confession to asking the boys to pull their pants down for money satisfies us that the government proved, beyond a reasonable doubt, that the appellant possessed the intent to gratify his sexual desires.

■ Although the books which appellant claims were improperly admitted in evidence against him are not in the record, the military judge's description of them indicates that they focused on homosexual acts between young boys. The titles of the books suggest the aberrant theme of dominance as well. We are mindful that when there is a substantial omission from the record, a presumption of prejudice results. *See United States v. Baker*, 21 M.J. 618, 620 (A.C.M.R.1985), citing *United States v. Boxdale*, 47 C.M.R. 351, 352 (C.M.A.1973) and *United States v. Griffin*, 17 M.J. 698, 699 (A.C.M.R.1983), *petition denied*, 18 M.J. 292 (C.M.A.1984). Insubstantial omissions, however, neither render a record of trial nonverbatim nor preclude its review on appeal. *United States v. McCullah*, 11 M.J. 234 (C.M.A.1981); *United States v. Boxdale*, 47 C.M.R. at 352; *United States v. Griffin*, 17 M.J. at 699. We believe that the military judge's description of the omitted exhibits, in context with the other evidence of record, was sufficient to establish the relevance of the omitted materials to the charged acts. As such, we deem the omissions to be insubstantial and without prejudicial effect.

■ Finally, we have considered appellant's claim that Specifications 1 and 2 of the Charge are multiplicious for findings and find it to be without merit. While appellant's misconduct arose out of a single

transaction, it was directed at two youthful victims who reasonably might have feared harm to themselves in the circumstances. Multiplicity for findings or sentencing does not obtain in such circumstances. *Cf. United States v. Parker*, 38 C.M.R. 343, 344–45 (C.M.A.1968); *see also United States v. Ridgeway*, 19 M.J. 681, 684 (A.F. C.M.R.1984).

Accordingly, the findings of guilty and the sentence are affirmed.

FELDER, Senior Judge, concurring:

I concur with the resolution of the issues by Judge Robblee and agree to affirm the findings of guilty and the sentence. Although I reach the same conclusion that the evidence is sufficient to prove the attempted takings of indecent liberties, I do so for different reasons.

The undisputed evidence, in its simplest terms, is that appellant offered to pay two minor boys to remove their trousers under a bridge.[1] That offer by appellant to the boys was grossly offensive to modesty, decency, propriety and shocked the moral senses because of its disgusting nature and tendency to incite lustful thoughts. When such offer or language is communicated to children under sixteen years of age, it constitutes the taking of indecent liberties with them. Manual for Courts–Martial, United States, 1984, Part IV, paras. 87c(2)

and 89c. In my opinion, the offenses were not only attempted but consummated. The taking of indecent liberties is a special crime in the military reserved for the protection of persons of tender age from conduct such as that displayed by appellant.

GILLEY, Judge, concurring:

I concur in the result, and in Judge Robblee's opinion, except that in my opinion, the military judge correctly admitted the dildo and lubricating gel. They provided significant evidence showing that the appellant intended to gratify his sexual lusts regarding these victims. This evidence was sufficiently connected to his intent in location and time. *See United States v. Mann*, 26 M.J. 1, 4 (C.M.A.1988) (materials found in appellant's possession properly admitted into evidence because they tended to show appellant's desires regarding the charged offenses; Mil.R.Evid. 403 satisfied where appellant's intent in issue); Mil.R. Evid. 301, 403, 404(b). I also concur in Senior Judge Felder's opinion.

---

1. Appellant was found not guilty of asking the boys to expose their private parts. Nevertheless, indecent exposure is a crime in the military and in the State of Texas, where this incident occurred. Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934; Manual for Courts–Martial, United States, 1984, Part IV, para. 88; Tex.Code Ann. (Penal) § 21.08 (1974). This is not to imply that the boys would have committed a crime had they accepted the offer and complied with it.