UNITED STATES

v.

Rusty A. HOWARD, 281 62 0018, Airman Recruit (E–1), U. S. Naval Reserve.

NCM 79 0796.

U. S. Navy Court of Military Review.

Sentence Adjudged 14 Sept. 1978.

Decided 24 July 1980.

---

**4.** The official authorizing the search in *Grosskreutz* was also familiar with the dog's capabilities.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LCDR Bradley S. Beall, JAGC, USN, Appellate Government Counsel.

Before BAUM, PRICE and MICHEL, JJ.

PRICE, Judge:

Appellant was tried by special court-martial for six specifications of larceny in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. The trial began and recessed 78 minutes later. During the recess, the court reporter informed the military judge that due to an equipment failure the earlier proceedings had not been recorded. The military judge then summarized the proceedings of the earlier session and started over. This was done over the overruled objection of the detailed defense counsel, who had proposed beginning from the point of the recess. Only one witness was examined at the unrecorded session and he testified in regard to an explanation of appellant's rights relative to a confession which was not subsequently admitted into evidence. Appellant pleaded not guilty to all charges but was found guilty to all with exceptions and substitutions. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeiture of $265.00 per month for 6 months.

Appellant assigns three errors:

I

A BAD–CONDUCT DISCHARGE SHOULD NOT HAVE BEEN APPROVED BECAUSE THE RECORD OF TRIAL IS NOT VERBATIM.

II

THE MILITARY JUDGE EXCEEDED HIS AUTHORITY BY RECOMMENCING TRIAL OVER THE DEFENSE OBJECTIONS, TO REPEAT THE PROCEEDINGS WHICH HAD NOT BEEN RECORDED, RATHER THAN INFORMING THE CONVENING AUTHORITY AND THEN EITHER DECLARING A MISTRIAL OR RECONSTRUCTING THE RECORD (Para. 82i, MCM, 1969).

III

APPELLANT'S CONVICTION MUST BE SET ASIDE SINCE IT (a) RESTS ON THE UNCORROBORATED TESTIMONY OF AN ACCOMPLICE WHOSE

TESTIMONY WAS SELF–CONTRA-DICTORY, UNCERTAIN AND IM-PROBABLE: AND (b) IS NOT SUP-PORTED BY PROOF BEYOND A REA-SONABLE DOUBT.

I

 While the law requires that the lack of a complete record of the proceedings deprives a special court-martial of the power to impose a bad-conduct discharge, Article 19, UCMJ, 10 U.S.C. § 819; paragraph 83, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), we are of the opinion the record of trial in the case before us is verbatim respecting every elemental stage of trial. The record indicates that during the 78 minutes the recording device was malfunctioning, the following took place before the military judge alone:

1) The trial counsel read the convening order; 2) the accused's rights to counsel were explained and the accused indicated he wished to proceed with the appointed defense counsel; 3) the accused was arraigned and his "not guilty" pleas entered; 4) the written and oral request for trial by military judge alone was approved after personal inquiry by the judge; 5) defense counsel indicated prior to entry of the pleas that there would be an objection to both an alleged admission, ostensibly made by the accused, and to the introduction of certain evidence which would *later* be offered by the Government, (R. 2); and, 6) one witness was called who was examined and cross-examined in relation to the putative confession. At this point the court recessed. When the court reopened, the military judge announced he was beginning *de novo* because of the failure of the recording machine and concomitantly overruled trial defense counsel's objection. The military judge also announced, (R. 7), that he would not consider any testimony previously given and would rely only on evidence of record "in this case." There were no challenges of the military judge from either the Government or the defense. Under these circumstances, we believe the first assignment of error to be without merit.

II

 Appellate defense counsel cites *United States v. Benoit*, 43 C.M.R. 666 (ACMR 1971), and paragraph 82*i*, MCM, in support of his contention that the military judge must either declare a mistrial or reconstruct the record after informing the convening authority. We disagree. We do not consider what happened in the case before us to warrant a mistrial in the normal sense of that term. Declaration of a mistrial is a matter of discretion with the military judge and is declared, after consideration of all the circumstances, when manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt on the fairness of the trial. Paragraph 56*e*(1), MCM.

In the circumstances now before us, compliance with the provision for a new pretrial advice and a new reference for trial could not have served any purpose beneficial to the accused. Our allowing appellant to convert a 78-minute recording lapse of preliminary matters of trial into a new trial would, in our opinion, constitute an unacceptably mechanical and unimaginative approach to the problem. We would be left with the same charges, the same judge and the same testimony; the only change would be that the case was returned to the convening authority. *See United States v. English*, 50 C.M.R. 824 (ACMR 1975). Finally, the trial defense counsel had as an option the remedy of moving for a mistrial. He did not do so. We believe the rights of the appellant were not prejudiced in any way. Accordingly, we find the second assignment to be without merit.

III

 Likewise, we find Assignment of Error III(A) to be without merit because, as the appellate Government counsel asserts, "The fact remains that Smith's [accomplice] testimony *unequivocally* established that [appellant] participated in the thefts alleged." (R. 115). Furthermore, that testimony is unrebutted and without contradiction.

■ Assignment of Error III(B) merits discussion. Appellant properly contends that Petty Officer Padekan's identification of Prosecution Exhibits 13 and 14 was vague and uncertain. He testified concerning the theft of his driving lights as follows: They were "his lights". When asked on cross-examination how he knew they were his lights he responded "Well, they're what I described. And if that's somebody else's I can't tell." (R. 97). This is an inadequate identification in our opinion.

In regard to the third specification, Petty Officer Trosvig convinces us that all of the items he identified were in fact his except for the Craig FM Radio/Cassette Player, (Prosecution Exhibit 15). He testified that "I can't really be sure it's mine, there's a lot of them made." (R. 99). The remainder of the items allegedly stolen were, in our opinion, adequately identified. We find the evidence of record sufficient to support the conviction of larceny of those items.

Accordingly, the findings of guilty to specification 2 of the charge and that portion of specification 3 of the charge which relates to a Craig FM Radio/Cassette Player (Prosecution Exhibit 15) are set aside. The remainder of the findings of guilty are affirmed. The sentence will be reassessed.

Upon reassessment, only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for 3 months and forfeiture of $265 pay per month for 2 months is affirmed.

Judge MICHEL *, concurs.

BAUM, Senior Judge (concurring):

I reject appellant's first assignment of error because the record is sufficiently verbatim to support a bad-conduct discharge. While a bad-conduct discharge may not be approved without a verbatim record, *United States v. Whitney*, 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974), it has been held that "[i]nsubstantial omissions from a record of trial do not affect its characterization as a

verbatim transcript." *United States v. Boxdale*, 22 U.S.C.M.A. 414, 415, 47 C.M.R. 351, 352 (1973). Clearly, the proceedings that went unrecorded would have constituted a substantial omission from the record had the trial simply gone forward and been transcribed with that portion missing or reconstructed; that course was not taken, however. Instead, everything that had transpired earlier was repeated and transcribed verbatim. Moreover, the military judge indicated he would consider only the matters covered in the recorded session. In my view, the judge's actions transformed the missing portion into an insubstantial omission and, thus, the verbatim character of the record was not affected.

Appellant, in his second assignment of error, asserts that the military judge exceeded his authority by repeating the proceedings which had not been recorded, rather than informing the convening authority and then either declaring a mistrial or reconstructing the record. He cites paragraphs 82*i* and 83, *Manual for Courts-Martial, 1969 (Rev.)*, and *United States v. Benoit*, 43 C.M.R. 666 (ACMR 1971), in support of his position. As I view it, paragraph 82*i* of the *Manual* pertains to a completed trial which has not been transcribed. It provides that the convening authority will be informed if, at that stage, the notes or recordings are lost; then, unless otherwise directed by the convening authority, a record of trial will be prepared following, as nearly as practicable, the form prescribed in the *Manual* appendices. I do not believe this provision of the Manual for Courts-Martial applies to the instant situation where a recording loss is discovered during the trial itself. While the trial is in progress, the judge is in control and it would be inappropriate for him to refer trial matters to the convening authority for decision. As was said in *United States v. Cole*, 12 U.S.M.C.A. 430, 433, 31 C.M.R. 16, 19 (1961), "the law officer [military judge under the present law] of a general court-

---

* Judge Alan E. Michel took final action in this case prior to his retirement from active duty in the U. S. Navy on 30 June 1980.

martial is required to rule on all interlocutory matters which arise in the trial and may not escape his responsibility in the premises by referring the matter to the convening authority and allowing that officer to intrude his wishes into the proceedings." Accordingly, I believe the judge was not only within his authority by ruling on the course to take upon discovery of the recording loss, but also that it would have been error for him to abdicate his responsibility by referring the matter for decision to the convening authority.

In *United States v. Benoit, supra,* the Army Court of Military Review indicated that when recording devices fail, the judge may employ one of two procedures, either declaration of a mistrial or reconstruction of the record. I do not believe a military judge is so limited. In my view, the judge should be free to take whatever course seems most appropriate under the circumstances, subject to review for abuse of discretion. Applying this standard, I find the judge's actions in the case well within his discretionary authority and I see no abuse of this discretion. I would reject appellant's second assignment for this reason.

I concur in Judge Price's treatment of the third assignment of error and his action on the findings and sentence.