UNITED STATES, Appellee,

v.

Specialist Four Michael Eugene TYLER, SSN 447–64–1988, United States Army, Appellant.

CM 442050.

U. S. Army Court of Military Review.

25 Oct. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for appellant.

---

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

Consistent with his pleas of guilty, the appellant was convicted by a military judge, sitting as a general court-martial, of an unlawful entry, indecent assault and communication of a threat, all occurring on 22 August 1981, and of housebreaking, two simple assaults consummated by batteries, communication of a threat and rape, all occurring on 27 June 1981. His approved sentence consists of a bad-conduct discharge, confinement at hard labor for eight years (the period in excess of five years suspended for five years), forfeiture of all pay and allowances and reduction to the grade of Private E–1.

Appellant initiated the pleas of guilty and the specifications and charges are now in a form he selected. No motions of any sort were made by the trial defense counsel. Notwithstanding, the military judge *sua sponte* announced that he found the indecent assault and related communication of a threat to be multiplicious for sentencing. Likewise, he found the rape, the two related assaults consummated by batteries and the related communication of a threat to be multiplicious for sentencing.

 Now before us, the appellant asserts that the offenses the trial judge found to be multiplicious for sentencing should also have been found to be multiplicious for findings. He asks that the guilty findings of both communications of threats and both assaults and batteries be set aside and those charges dismissed. We believe that appellant waived any multiplicity issue by proposing the guilty plea and not objecting below. Further, while the appellant now claims "substantial prejudice" growing out of the judge's supposed error, he fails to point to any in this bench trial.

Indeed, an appellant would be hard put to demonstrate reversible prejudice based on multiplicity in any guilty plea bench trial. A trial begins with an arraignment on the various charges and specifications. Pleas are entered and a detailed factual inquiry is conducted on the guilty pleas pursuant to *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). At the conclusion of this inquiry, findings are entered. Whether the predicate for a motion to set aside multiplicious findings and dismiss those charges is rooted in a theory of the evaporation of prior exigencies of proof, lesser included offenses, "part and parcel" or a "duplicative" principle, the judge's inquiry would necessarily encompass the facts underlying all of the charges. This would be the case even if an appropriate motion were made prior to pleas and the *Care* inquiry did not specifically focus on the purported multiplicious charges because any of the bases for the claimed multiplicity would involve the same facts. Thus, in every conceivable situation, the judge would have a full picture of the accused's misconduct regardless of the status of the claimed multiplicious charges.

In other words, to rule upon the issue of multiplicity, the trial judge would need to be fully apprised of all of the facts. Being so apprised, it seems to matter little or not at all on the issue of prejudice at a bench trial when or even whether he dismisses some of the charges on the ground of multiplicity.

In light of these realities, it does not surprise us that trial defense counsel saw nothing to be gained by asking for relief below; *i.e.,* he perceived no prejudice. We likewise perceive no resulting prejudice during the course of the trial.

 Finding no prejudice at trial, we are now asked to nevertheless dismiss some specifications on grounds that are not readily apparent to us. Certainly, in a case like *United States v. Gibson,* 11 M.J. 435 (C.M.A. 1981), fundamental justice would appear to compel the result. The two charges were, at their core, precisely identical, and the full scope of Gibson's criminal conduct could

be totally, accurately and fairly described by either one or the other charge. *See also United States v. Cox,* 14 M.J. 176 (C.M.A. 1982) (Summary Disposition); *United States v. Dalby,* 14 M.J. 176 (C.M.A.1982) (Summary Disposition); *United States v. Gonnella,* 14 M.J. 176 (C.M.A.1982) (Summary Disposition); all citing *United States v. Roman-Luciano,* 13 M.J. 490 (C.M.A.1982) (Summary Disposition). Where this is not the case, however, we see no requirement in justice or fairness on appeal to intentionally distort the criminal record of a correctly convicted person by setting aside guilty findings that are not duplicative in fact. Accordingly, unless a charge is duplicative in fact, we are duty-bound to affirm an otherwise correct finding of guilty of that charge. *United States v. Waymire,* 9 U.S. C.M.A. 252, 26 C.M.R. 32 (1958); *United States v. Fleming,* 3 U.S.C.M.A. 461, 13 C.M.R. 17 (1953); *United States v. Lyles,* 14 M.J. 771 (A.C.M.R. 1982). *See also* Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a).

Applying these principles to the instant case, we hold that the findings to Specification 1 of Additional Charge II are factually duplicative of the findings to the specification of Additional Charge I. Specifically, in the context of this case, the simple assault and battery which consisted of unlawfully lying on top of the victim was factually duplicative with raping her. As regards the communication of a threat in Charge V and the related indecent assault set forth in Charge I, we find that the assault was completed before the victim awoke, following which the threat was uttered. Accordingly, they are not duplicative or multiplicious for findings, and they are affirmed. There being no specific prejudice asserted by the appellant or perceived by us as regards the findings of the other specifications, they too must be affirmed.

The finding of guilty of Specification 1 of Additional Charge II is set aside and the specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record, the sentence is affirmed.

Senior Judge MELNICK and Judge McKAY concur.