UNITED STATES

v.

**Airman First Class Charles Harold SPRING, Jr., FR 548–08–1260 United States Air Force.**

**ACM 23671.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 July 1982.

Decided 14 Jan. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major William H.

---

Lamb and Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

In a general court-martial consisting of military judge sitting alone, the accused was found guilty, in accordance with his pleas, of four specifications of signing a false official statement, one specification of larceny, and three specifications of using a false writing in connection with a claim against the government. He was sentenced to a bad conduct discharge, confinement at hard labor for five months, forfeiture of all pay and allowances, and reduction to airman basic.

The facts of this case are relatively uncomplicated. The accused had been married but was divorced prior to his departure to Volkel Air Base, the Netherlands. After arriving at the new duty station, the accused executed: a Recertification of Dependency for Primary Dependents; a Request Authorization and Pay Order B.A.S.-Separate Rations; a Variable Housing Allowance Certification and a Statement to Substantiate Payment of Family Separation Allowance. All these forms were false in that the accused indicated therein that he was still married to his former wife. The accused used these forms to file fraudulent claims for housing allowance and variable housing allowance at the "with dependents" rate, and family separation allowance. As a result, he was overpaid $1,421.42.

After the court had closed to deliberate on the sentence, the court reporter noticed that, as a result of an equipment malfunction, neither the trial counsel's nor the defense counsel's argument on the sentence had been recorded. The court was called to order and the military judge was so informed. A review of the reporter's tapes revealed that all other portions of the trial had been recorded properly. At the suggestion of the defense counsel, with the concurrence of the prosecution, the military judge continued his deliberations and announced sentence. Afterwards the two counsel reconstructed their arguments and made them, once again, on the record. Both counsel and the military judge agreed that the arguments which were recorded were substantially the same as those made originally. Neither counsel had any objection to the procedure that was followed to reconstruct the arguments, and the defense counsel specifically refused to request a mistrial when the subject was broached by the military judge.

On appeal, the accused contends that because of the reconstruction of the arguments of counsel, the record of trial is not complete and thus not verbatim. We disagree.

■ The record of trial of a general court-martial must be complete, and all arguments and statements of counsel made during the trial must be set forth verbatim in the record. M.C.M., 1969 (Rev.), para. 82 b. "Verbatim" has been judicially interpreted to mean substantially verbatim and sufficiently complete to permit reviewing agencies to determine with reasonable certainty the substance of questions, answers, and arguments. *United States v. Nelson,* 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953); *United States v. Lashley,* 14 M.J. 7 (C.M.A.1982). The test is whether the summarized or reconstructed portion of the record represents a substantial omission or not. *United States v. Sturdivant,* 1 M.J. 256 (C.M.A. 1976); *United States v. Gray,* 7 M.J. 296 (C.M.A.1979). Where there is an omission from the transcript which is categorized as "substantial," a presumption of prejudice arises, and the burden is on the government to rebut the presumption. *United States v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973); *United States v. English,* 50 C.M.R. 824 (A.F.C.M.R.1975). If such omission is insubstantial, no such presumption arises. *United States v. McCullah,* 11 M.J. 234 (C.M.A.1981); *United States v. Congram,* 9

M.J. 778 (A.F.C.M.R.1980), *pet. denied,* 10 M.J. 15 (1980); *United States v. Donati,* 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963).

The preferred method of handling in-court statements, not recorded because of equipment malfunction, is to proceed anew on the same matter. *United States v. English, supra; United States v. Lashley, supra.* Here, the military judge did not direct the opposing counsel to reargue, but rather acceded to the wishes of the defense counsel that he announce sentence and then reconstruct the arguments for the record.

We have examined the reconstructed arguments in the instant case. We find that they were not of a nature to have had a significant impact on the sentence imposed by the military judge, and therefore do not represent a substantial omission from the otherwise verbatim record of trial. Further, we find that since the reconstruction of the arguments took place immediately after discovery and since both counsel and the military judge agreed that the arguments were substantially the same as when first made, the transcript is sufficiently complete so as to be characterized as substantially verbatim.

In a second assignment of error, the accused contends that the military judge should have dismissed the specifications of Charge III (using false writings in connection with a claim against the government) because they were substantially similar to those in Charge I (signing false official statements). We find that the specifications are not duplicative in fact, and therefore there is no requirement to set aside the findings of guilty. *United States v. Waymire,* 9 U.S.C.M.A. 252, 26 C.M.R. 32 (1958); *United States v. Tyler,* 14 M.J. 811 (A.C.M.R.1982).

Even assuming, *arguendo,* that the pleadings are multiplicious for findings purposes, any error is waived by the failure to make a timely objection and the entry of a plea of guilty to the charges and specifications, as arraigned. *United States v. Huggins,* 12 M.J. 657 (A.C.M.R.1981); *United States v. Sweney,* 48 C.M.R. 476 (A.C.M.R.

1974), *pet. denied,* 48 C.M.R. 1000 (1974); M.C.M., 1969 (Rev.), Para 67*b.* In addition, we find there can be no prejudice to the accused, since the military judge declared that he considered the specifications multiplicious for sentencing purposes.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.