UNITED STATES, Appellee,

v.

Private First Class Larry D. BROWN–AUSTIN, 465–73–3239, United States Army, Appellant.

ACMR 8903252.

U.S. Army Court of Military Review.

8 Jan. 1992.

---

For Appellant: Captain Timothy P. Riley, JAGC, Captain James K. Lovejoy, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Lieutenant Colonel Richard A. Gallivan, JAGC USAR (on brief).

Before FOREMAN, HAESSIG and HAGAN, Appellate Military Judges.

### OPINION OF THE COURT

HAESSIG, Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of signing a false official record with intent to deceive, wrongful appropriation of $3,985.00, assault consummated by a battery, and two specifications of dishonorable failure to pay a just debt in violation of Articles 107, 121, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, 928 and 934 (1982) [hereinafter UCMJ]. The approved sentence provides for a bad-conduct discharge, confinement for one year, total forfeiture of all pay and allowances, and reduction to the grade of Private E1.

The appellant assigns two errors. First, he asserts that the military judge erred in instructing the members that his alleged mistake of fact regarding the two specifications of dishonorable failure to pay just debts had to be both honest and reasonable, rather than merely honest. The appellant asserted, *inter alia*, regarding a series of automobile purchase transactions, that uncorrected mechanical defects relieved him from his obligation to pay for one car, and that a German lawyer told him he did not have to pay for another destroyed in a collision. Second, he asserts

that the military judge's reconstruction of the testimony of three witnesses following a recording machine failure, rather than recalling them, was insufficient to satisfy the requirement that the record of trial be verbatim. We disagree with the appellant's first assignment of error and agree with his second.

## I

## INTENT AND DISHONORABLE FAILURE TO PAY A JUST DEBT

■ A simple failure to pay a debt promptly, by either officer or enlisted personnel, has never been recognized as a crime in military law. *See, e.g.,* Winthrop, Military Law and Precedents, 715, 732 (2d ed. 1920 reprint). Additionally, the mere failure to keep a promise to pay a debt, without more, is insufficient to establish the offense. *United States v. Borner,* 25 M.J. 551 (A.F.C.M.R.1986); *United States v. Gibson,* 1 M.J. 714 (A.F.C.M.R.1975). Moreover, the "simple inability to pay a debt, contracted without wrongful intention, is a defense." *United States v. Stevenson,* 30 C.M.R. 769, 775 (A.F.B.R.1960). More than simple negligence is required to establish that a failure to pay a just debt is dishonorable. *United States v. Cummins,* 26 C.M.R. 449, 454 (C.M.A.1958); *United States v. McArdle,* 27 C.M.R. 1019 (A.F.C.M.R.1959).

■ When the failure to pay is dishonorable, however, a crime results. The offense of dishonorable failure to pay a just debt does not fit neatly into either of the *mens rea* categories of general or specific intent discussed in the Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 916(j) [hereinafter M.C.M. and R.C.M.]. Nonetheless, the United States Court of Military Appeals, in a historical overview of the meaning of the word "dishonorable" concluded that:

It seems clear to us that in selecting the term "dishonorable" the draftsmen [of the Manual for Courts–Martial, United States, 1951] meant to adopt a word importing a criminal state of mind of some variety—short of the requirement of a specific intent....

*United States v. Downard,* 20 C.M.R. 254, 260 (C.M.A.1955).

Somewhat later the same court noted that the state of mind required by the word "dishonorable" is "closely allied to that of a specific criminal intent." *United States v. Groom,* 30 C.M.R. 11, 13 (C.M.A.1960). More recently the same view has been restated: " 'Dishonorableness' is not a specific state of mind, even though it's close ..." *United States v. Barnard,* 32 M.J. 530, 536 n. 8 (A.F.C.M.R.1990). The state of mind required, while not amounting to a specific intent, must be "an *improper state of mind,* whether it consists of a false or deceitful purpose, a fraudulent design to evade payment or *other attitude of bad faith....*" *United States v. Young,* 12 C.M.R. 939, 942 (A.F.B.R.1953) (citing *United States v. Friend,* 5 C.M.R. 638 (A.F.B.R.1952)) (emphasis added). *See United States v. Kirksey,* 20 C.M.R. 272 (C.M.A.1955); *United States v. Duval,* 31 M.J. 650 (A.C.M.R.1990); *United States v. Savinovich,* 25 M.J. 905 (A.C.M.R.1988); M.C.M., Part IV, para. 71c.

We hold that the military judge was correct in his view that the offense of dishonorable failure to pay a just debt is a general intent crime.

## MISTAKE OF FACT

The general rule relating to ignorance or mistake of fact as a defense is found in the Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 916(j):

[It] is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake goes to an element requiring premeditation, specific intent, wilfulness, or knowledge of a particular fact, the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge,

the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances. However, if the accused's knowledge or intent is immaterial as to an element, then ignorance or mistake is a not a defense.

■ At an Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), session held to discuss instructions, the defense requested, *inter alia*, that the military judge give an instruction concerning the defense of mistake of fact with respect to the two specifications alleging dishonorable failure to pay just debts. The defense maintained that the standard for specific intent crimes should apply (the appellant's mistake need only be honest), rather than the standard for general intent crimes (the appellant's mistake must be honest and reasonable), and offered a proposed instruction. The trial judge subsequently said he would give the mistake of fact instruction for general intent crimes. Somewhat later, in an exchange with the assistant defense counsel, he again commented on his intention regarding a mistake of fact instruction: "I am going to give a mistake instruction pursuant to your request. And you told me I believe in the 802 session that you're satisfied with that? Is that right?"[1]

When the trial judge instructed the members on the mistake of fact defense in connection with the dishonorable failure to pay just debt specifications, he gave the mistake of fact instruction for general intent crimes (that the appellant's mistaken belief had to be both honest and reasonable). At the conclusion of his instructions he asked counsel for both sides if they had "any objection to the instructions I have given or requests any [sic] additional instructions." Counsel for both sides answered in the negative.

Applying our holding that the offense of dishonorable failure to pay a just debt is a general intent crime, we also hold that the military judge properly instructed the members that the appellant's asserted mistaken belief regarding his financial obligations had to be both honest and reasonable.

## II

### THE RECORD OF TRIAL

Due to a malfunction of the recording equipment, the testimony of four prosecution witnesses, three of whom were German nationals, was not recorded. One of the German witnesses was still available when the malfunction was discovered and was recalled and re-testified before the members without defense objection. Subsequently, the defense moved for a mistrial on the ground, *inter alia*, that the recording malfunction would result in "certain segments of the prosecution's case get[ting] to be presented twice to the jury and we feel that this will unfairly reinforce the prosecution's theory of the case in their mind." After a discussion between the trial judge and both defense counsel regarding alternatives to a mistrial, the trial judge took the motion under advisement during the overnight adjournment. When the court reconvened the next morning, he denied the motion.

The trial judge noted the "immense difficulties" involved in calling German witnesses. He also noted that at an Article 102, Uniform Code of Military Justice, 10 U.S.C. § 902, session held that morning with counsel for both sides, he proposed to read his "extensive" notes, which counsel had seen and which incorporated the matters each side believed had been elicited when the witnesses originally testified, into the record. Following a lengthy discussion between the trial judge, counsel for both

---

1. In *United States v. Sadler,* 29 M.J. 370, 373 n. 3 (C.M.A.1990), the United States Court of Military Appeals noted that, "Discussion of instructions should be conducted on the record, rather than in a conference under R.C.M. 802, Manual for Courts–Martial, United States, 1984." We strongly urge trial judges to give full effect to the guidance of *Sadler,* not only to facilitate appellate review, but also to avoid creating other potential appellate issues such as whether the record of trial is complete. *See* Article 54, UCMJ, 10 U.S.C. § 854 (1982). In this case, if *Sadler's* teaching had been followed, the confusion revealed by the record regarding the mistake of fact instruction may have been eliminated.

sides, and the appellant, the parties reconstructed the missing testimony by means of a Stipulation of Lost Testimony which was read into the record but was not read to the members.

■ A verbatim transcript is not constitutionally required for appellate review. *Mayer v. Chicago*, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971). Article 54(c)(1), Uniform Code of Military Justice, 10 U.S.C. § 854(c)(1), requires, however, that, "A complete record of the proceedings and testimony shall be prepared in each general court-martial case in which the sentence adjudged includes ... a discharge." Additionally, Rule for Courts–Martial 1103(b)(2)(B) provides, that "the record of trial shall include a written verbatim transcript of all sessions except sessions closed for deliberations and voting" when, as here, the sentence adjudged exceeds six months confinement or includes a bad-conduct discharge.

A complete record and a verbatim record are not synonymous. In *United States v. Whitman*, 11 C.M.R. 179, 181 (C.M.A.1953), the United States Court of Military Appeals noted that "a complete record need not necessarily be verbatim, so long as it constitutes an accurate account of the essential substance of the proceedings reported." However, in discussing possible inconsistencies between the statutory requirement for a complete record and the then existing M.C.M. provision requiring a verbatim record of trial when a punitive discharge was adjudged, that Court concluded that the more stringent rule requiring a verbatim record "inclining more directly in favor of an accused person must prevail." *Id.*

■ Verbatim does not mean exact word-for-word accuracy, and insubstantial omissions do not deprive a transcript of its verbatim nature. *United States v. Donati*, 34 C.M.R. 15 (C.M.A.1963); *United States v. Garman*, 11 M.J. 832 (A.F.C.M.R.1981). Conversely, a substantial after-the-fact re-construction of a transcript may render it nonverbatim and raises a rebuttable presumption of prejudice. *United States v. Eichenlaub*, 11 M.J. 239 (C.M.A.1981); *United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976); *United States v. Boxdale*, 47 C.M.R. 351 (C.M.A.1973); *United States v. Hensley*, 7 M.J. 740 (A.F.C.M.R.1979). Since the government is responsible for preparing the record of trial, inferences which may be drawn must be drawn against the government. *United States v. McCullah*, 11 M.J. 234 (C.M.A.1981); *United States v. Gray*, 7 M.J. 296 (C.M.A.1979).

■ The government has the burden of rebutting the presumption of prejudice which results when there is substantial omission from the record. *United States v. Boxdale*, 47 C.M.R. at 352. In the government's favor, the appellant does not challenge the accuracy or the completeness of the Stipulation of Lost Testimony. He does not argue that the record of trial is insufficient for appellate review. He does not assert any harm. We note these facts in the context that the appellant first objected to having the witnesses re-testify at trial when the problem with the record was discovered; then concurred and fully participated in the process used to formulate the stipulation of the witnesses' testimony. Now, however, he argues that that process was fatally flawed, error resulted, and relief should be granted. This is akin to the proverbial story of the child who, following conviction of the murder of his parents, argues for mercy because he is an orphan.

■ Nonetheless, we hold that the record of trial is insufficiently verbatim for us to discharge our heavy responsibility under Article 66(c), UCMJ, 10 U.S.C. § 866(c), for a case where Rule for Courts–Martial 1103(b)(2)(B) applies. This determination of sufficiency for appellate review is solely ours, notwithstanding the agreement of the parties at the trial level as to the purported accuracy and completeness of a reconstruction.[2] The Stipulation of Lost Testimony is approximately eight double-

---

**2.** We note that the preferred method for dealing with situations where portions of the trial have not been recorded is to explain to the members what has occurred, and what is going to be done to correct the situation; to give the members appropriate instructions to disregard what they saw and/or heard earlier; to consider only what they will see and/or hear being redone; to

spaced typewritten pages in length. It purports to reflect the direct and cross examination of four principal prosecution witnesses, a matter of importance on appeal. While we do not find the stipulation to be inaccurate or incomplete, we do find that reconstructing the entire testimony of several key witnesses without their participation and without a showing of their unavailability renders this record nonverbatim.

The cases of *United States v. Lashley,* 14 M.J. 7 (C.M.A.1982); *United States v. Sturkey,* 23 M.J. 522 (A.F.C.M.R.1986), and *United States v. Garries,* 19 M.J. 845 (A.F.C.M.R.1985) do not compel a contrary result. In each of those cases the testimony of those whose testimony was not recorded not only participated in the reconstruction but also re-testified. Those critical facts are lacking here.

 We will grant the appellant appropriate relief in our decretal paragraph by affirming a sentence no greater than could be adjudged by a special court-martial not empowered to adjudge a punitive discharge where a verbatim transcript would not be required. *United States v. Sturkey,* 23 M.J. 522 (A.F.C.M.R.1986); Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1103(c)(2).

We have also considered the errors asserted personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), the court affirms only so much of the sentence as provides for confinement for six months, forfeiture of $502.00 pay per month for six months, and reduction to the grade of Private E1.

Senior Judge FOREMAN and Judge HAGAN concur.

destroy any notes they may have taken, etc. *United States v. English,* 50 C.M.R. 824 (A.F.C.M.R.1975); *United States v. Phillips,* 15 M.J. 671 (A.F.C.M.R.1983).