# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, KRIMBILL, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant DAVID C. TATE**
**United States Army, Appellant**

ARMY 20180477

Headquarters, United States Army Intelligence Center of Excellence and Fort
Huachuca
Michael S. Devine, Military Judge
Colonel Steven P. Haight, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D.
Pond, JA; Major Kyle C. Sprague, JA; Captain Loraima Morciglio, JA (on brief);
Lieutenant Colonel Angela D. Swilley, JA; Major Kyle C. Sprague, JA; Captain
Alexander N. Hess, JA (on reply brief).

For Appellee: Lieutenant Colonel Wayne H. Williams, JA; Major Craig J. Schapira,
JA; Captain Karey B. Marren, JA (on brief).

25 September 2020

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BROOKHART, Senior Judge:

A military judge sitting as a general court-martial convicted appellant,
pursuant to his pleas, of one specification of aggravated assault in violation of
Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [UCMJ]. The
military judge sentenced appellant to a bad-conduct discharge, confinement for
twenty-two months, and reduction to the grade of E-3. Due to significant post-trial
delay, the convening authority approved only so much of the sentence as provided
for a bad-conduct discharge, confinement for twenty-one months, and reduction to
the grade of E-3.

The case is before this court for review pursuant to Article 66, UCMJ. Appellant contends the convening authority improperly approved his sentence without a substantially verbatim transcript, in violation of Rule for Courts-Martial [R.C.M.] 1103(f).[1] We agree and accordingly, provide relief in our decretal paragraph.

## BACKGROUND

On the morning of the second day of trial, the military judge learned that due to a malfunction of the court recording equipment there was no record of the previous afternoon's proceedings. The missing session included the military judge's notification of the appellant's sentencing rights, the government's entire sentencing case (both witnesses and documentary evidence), the victim impact statement, and one defense sentencing witness. The government's witnesses included the victim's sister and son, her neighbor, and the government's expert.

After conducting a lengthy R.C.M. 802 session with counsel, the military judge announced his intention to "allow the government to present their case anew." The military judge also stated that he would not consider anything he heard during the unrecorded sentencing portion of the case.

Citing R.C.M. 1103(f) and *United States v. Davenport*, 73 M.J. 373 (C.A.A.F. 2014), the defense objected and made a motion to limit the appellant's punitive exposure to the jurisdictional limit of six months confinement and no punitive discharge. Overruling the defense objection, the military judge stated that it was not his desire to recreate a substantially verbatim transcript or even a summarized transcript of the missing proceedings, but rather "[i]t is the court's intent to wash out that proceeding, as for purposes of record of trial, as if it never occurred." The military judge further explained that the inability to create a verbatim transcript was not at issue, "because it's not the court's intent to create -- attempt to create a verbatim transcript at all for that portion of the hearing." Finally, although he again reiterated that he would not consider any of the unrecorded testimony, the military judge nevertheless found that "the admitted material from yesterday's session would be both qualitatively and quantitatively substantial were such testimony to be considered by the court in determining an appropriate sentence."

---

[1] Appellant's other assignment of error alleges the military judge erred by allowing the government to present its sentencing case anew. This assignment of error is without merit. We have also given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

The military judge also recognized that R.C.M. 1103(f)(2) authorized only the convening authority to direct a rehearing, but ruled that it would constitute "judicial waste" for him to wait for the convening authority to direct such a rehearing given the timeliness in which the recording error was identified.

During the subsequent recorded proceedings, the government recalled the victim's sister, her neighbor, and their expert. The victim again presented her impact statement, and the defense recalled its first sentencing witness. The government did not, however, recall the victim's son, CM.[2] Instead, the government announced that given the late hour and the fact that CM was on the East Coast, "we have elected to not call him today." The defense confirmed that it had no objection to CM not being recalled, and likewise did not call CM as a witness in its sentencing case. The parties and the military judge made no effort to summarize or otherwise provide a synopsis of CM's unrecorded testimony.

Prior to announcing his sentence, the military judge noted that with the exception of CM, all of the government sentencing witnesses "testified substantially the same as they had during their unrecorded testimony given when they were first called as witnesses."

## LAW AND DISCUSSION

Whether a transcript is substantially verbatim is a question of law which we review de novo. *Davenport*, 73 M.J. at 376.

R.C.M. 1103(b)(2)(B) provides that the record of trial in any case in which the sentence adjudged includes twelve or more months of confinement or a bad-conduct discharge must include a verbatim transcript of all sessions except for deliberations and voting.[3] The discussion to R.C.M. 1103(b)(2)(B) further clarifies that a verbatim transcript includes "all proceedings, including sidebar conferences, arguments of counsel, and rulings and instructions by the military judge."

Rule for Courts-Martial 1103(f) states in pertinent part that if a verbatim transcript cannot be prepared because of the loss of recordings or notes, the convening authority may: (1) approve only so much of the sentence that could be adjudged by a special court-martial, except that a bad-conduct discharge and/or confinement for more than six months may not be approved; or (2) direct a rehearing

---

[2] The record refers to the victim's son as both "Mr. MGM" and "Mr. CM." This opinion will refer to him as "CM."

[3] As the referral of the charges in this case was prior to 1 January 2019, we must follow the rules in effect on the date of referral.

as to any offense of which the accused was found guilty if supported by the summary of the evidence contained in the record.

*A. Starting "Anew"*

Upon learning of the recording omission, the military judge correctly ruled that he was not required to notify the convening authority before recalling witnesses. *See United States v. Griffin*, 17 M.J. 698, 699 (A.C.M.R. 1983) (beginning examination anew is the preferred method of handling unrecorded testimony); *United States v. Howard*, 9 M.J. 873, 875 (N.M.C.M.R. 1978) (re-referral to convening authority when recording error discovered during trial would be "an unacceptably mechanical and unimaginative approach to the problem"). However, to the extent he sought to "wash out" the prior afternoon and instead conduct an entirely new sentencing hearing, the military judge improperly usurped the authority granted to the convening authority under R.C.M. 1103(f). *Cf. United States v. Rodriguez-Cortes*, ARMY 20170521, 2019 CCA LEXIS 24, at *7 (Army Ct. Crim. App. 23 Jan. 2019) (mem. op.) ("[T]he convening authority can seek to correct error through the military judge"); *United States v. Hewett*, 2 M.J. 496, 498 (A.C.M.R. 1976) (procedure employed by trial judge was contrary to language of the *Manual for Courts-Martial* and "a usurpation of the prerogatives conferred on the convening authority").[4] Accordingly, we reject the view that the military judge conducted a rehearing on sentence that severed all relation to the sentence hearing for which the recording was lost. Instead, we find that the military judge's effort was an attempt to re-create the lost testimony.

Where the military judge attempts to remedy a recording error by starting anew and recalling witnesses, the entire record must be "reconstructed." *See Griffin*, 17 M.J. at 699; *United States v. Lashley*, 14 M.J. 7, 8 (C.M.A. 1982) ("no doubt that the substance of the redirect exam is now in the record"); *Howard*, 9 M.J. at 876 (prior proceedings "repeated and transcribed verbatim") (Baum, J., conc. op.); *United States v. Crowell*, 21 M.J. 760, 761 (N.M.C.M.R. 1985) (no error where military judge holds post-trial proceeding that is a "repetition of proceedings for which a verbatim transcript could not be prepared").

In *United States v. Brown-Austin*, this court rejected the parties' "Stipulation of Lost Testimony," because the reconstruction attempt did not involve the participation of the witnesses whose testimony was lost. 34 M.J. 578, 582-83 (A.C.M.R. 1982). Here, even though permitted to "start anew" to remedy the unrecorded proceedings, the military judge erred in failing to require the government

---

[4] The dissent does not cite to any authority allowing for the military judge to usurp or exercise the power granted to the convening authority to "direct a rehearing" under R.C.M. 1103(f)(2).

to recall CM.[5] The remaining question then, is whether that missing testimony renders the transcript non-verbatim.[6]

### B. United States v. Davenport

In *Davenport*, our Superior Court explained that an incomplete record and a non-verbatim transcript are separate and distinct errors under the R.C.M.:

> However, while in the case of most incomplete records prophylactic measures are not prescribed, and the missing material or remedy for same are tested for prejudice, where the record is incomplete because the transcript is not verbatim, the procedures set forth in R.C.M. 1103(f) control.

73 M.J. at 377. (citing *United States v. Gaskins*, 72 M.J. 225, 230-31 (C.A.A.F. 2013); *see also United States v. Steele*, ARMY 20170303, 2019 CCA LEXIS 95 at *6

---

[5] The dissent is correct that "starting anew" and disregarding the prior testimony is the preferred method when a military judge discovers a recording error mid-trial. There is a significant difference, however, between starting anew to recreate lost testimony, *see, e.g. Griffin*, 17 M.J. at 699 (recalling missing witness "to testify again provided substantially a verbatim transcript"); *Lashley*, 14 M.J. at 9 (portion of missing testimony successfully reconstructed); *United States v. Spring*, 15 M.J. 669, 670 (A.F.C.M.R. 1983) ("The preferred method of handling incourt statements, not recorded because of equipment malfunction, is to proceed anew on the same matter"), and starting anew but omitting witnesses. *See Brown-Austin*, 34 M.J. at 583 (distinguishing *Lashley, et al.*, on the grounds that "[i]n each of those cases the testimony of those whose testimony was not recorded not only participated in the reconstruction but re-testified"). The dissent also does not cite, nor are we aware of, any case in which an appellate court affirmed after an entire witness's testimony was omitted.

[6] The dissent cites to *Griffin* for the proposition that "the main reason for a verbatim record is to ensure an accurate transcript for purposes of appellate review and review by the convening authority." However, this sentence is part of a larger discussion in which the *Griffin* court noted that the *Manual for Courts-Martial* does not specify the means by which a defective record may be reconstructed and that the "method of reconstruction is not a matter of principal concern." *Griffin*, 17 M.J. at 699. As such, the court in *Griffin* was by no means justifying the omission of one or more witnesses, but was instead reiterating that the transcript needs to be accurate regardless of how it is reconstructed or recreated.

(Army Ct. Crim. App. 5 Mar. 2019) (mem. op.) ("[U]nder *Davenport*, we do not test for prejudice when we have a non-verbatim transcript").[7]

Although the court in *Davenport* eschewed a prejudice analysis, it also held that the threshold question in determining whether the transcript is verbatim is "whether the omitted material was 'substantial,' either qualitatively or quantitatively." 73 M.J. at 377 (quoting *Lashley*, 14 M.J. at 9). The court further explained that omissions are qualitatively substantial if the substance of the omitted material "related to the sufficiency of the Government's evidence on the merits" and "could not ordinarily have been recalled with any degree of fidelity." *Id.* (quoting *Lashley*, 14 M.J. at 9). Likewise, omissions are quantitatively substantial unless "the totality of the omissions . . . becomes so unimportant and so uninfluential when viewed in light of the whole record that it approaches nothingness." *Id.* (quoting *United States v. Nelson*, 3 C.M.A. 482, 487, 13 C.M.R. 38, 43 (1953)); *see also Steele*, 2019 CCA LEXIS 95 at *5 ("[A] record is not verbatim if either (a) there is a lot of missing material; or (b) the missing material is important . . . . An omission on either prong is fatal").

Applied here, the missing testimony of CM is both qualitatively and quantitatively substantial. First, given that the entire testimony of CM is missing, it cannot be "recalled with any degree of fidelity." *Davenport*, 73 M.J. at 377; *see also Steele*, 2019 CCA LEXIS 95 at *5 ("We easily determine that the transcript has substantial quantitative omissions. An entire defense sentencing witness is missing"); *see also Brown-Austin*, 34 M.J. at 583 (A.C.M.R. 1992) (summary reconstruction of witness testimony "without their participation and without a showing of their unavailability renders this record nonverbatim").

Likewise, given that the record contains no summary or synopsis of CM's missing testimony, it is impossible for this court to now determine whether it is qualitatively substantial. *See United States v. Roberts*, ARMY 20150023, 2018 CCA LEXIS 437, at *12 (Army Ct. Crim. App. 7 Jun. 2018) (where record of trial lacks a verbatim or sufficiently summarized transcript of witness testimony, the appellate court is "unable to ascertain, with any degree of reasonable certainty, the substance of the proceedings before it") (citations omitted). Finally, and in any event, the military judge himself ruled that "the admitted material from yesterday's session

---

[7] Although the dissent emphasizes the fact that in this case the error was discovered and "remedied" prior to sentencing, there is nothing in either *Davenport* or *Steele*, either explicitly or implicitly suggesting that their holdings are limited only to cases where the recording error is discovered post-trial.

would be both qualitatively and quantitatively substantial were such testimony to be considered by the court in determining an appropriate sentence."[8]

The defense failure to object to the government's decision not to recall CM is immaterial to this analysis. As the court in *Davenport* held, "[t]he requirement that a record of trial be complete and substantially verbatim in order to uphold the validity of a verbatim record sentence is one of jurisdictional proportion that cannot be waived." 73 M.J. at 376 (citing *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000)). Likewise, the court in *Brown-Austin* held that notwithstanding the parties' stipulation, the record of trial was not sufficient. 34 M.J. at 582. "This determination of sufficiency for appellate review is solely ours, notwithstanding the agreement of the parties at the trial level as to the purported accuracy and completeness of reconstruction." *Id.*

Similar to *United States v. Benoit*, 43 C.M.R. 666, 668 (A.C.M.R. 1971), we have no question here that the defects in the underlying proceeding "occurred in an atmosphere of an honest intention to do the 'right' thing." As the court in *Benoit* also held, however, even an "unintentional failure to adhere to the correct practice may require the reversal of an otherwise valid conviction." *Id.* Such is the case here.

Because the transcript is not verbatim, remand is appropriate to allow the convening authority to exercise his or her discretion under R.C.M. 1103(f).[9] However, we are again confronted with a situation similar to that in *United States v. Steele*, where the 2014 amendments to Article 60, UCMJ, present a barrier to the convening authority acting on appellant's case under RCM 1103 because his sentence includes a punitive discharge. 2019 CCA LEXIS 95 at 7-8. As we did in *Steele*, we will set aside appellant's sentence in order to clear the path for the convening authority to take action under RCM 1103(f). *Id., see also United States v.*

---

[8] The government also suggests we look to the 2019 *Manual for Courts-Martial* version of R.C.M. 1112 for "guidance on this subject." As appellant correctly notes, because this rule was not in effect at the time of his court-martial, it is inapposite. Moreover, in pertinent part, the new rule states that if there is a recording failure, the record should be reconstructed "as completely as possible" and that if there is an objection to reconstruction, "the trial should proceed anew, and the proceedings *repeated* from the point where the interruption began." R.C.M. 1112(d)(3) discussion (emphasis added). As such, it is questionable whether the military judge's actions in this case would pass muster even under the new R.C.M. 1112.

[9] Given our ruling regarding the missing testimony of CM, we need not address appellant's other contentions pertaining to missing exhibits and the government's witnesses testifying to new matters on the second day.

*Bruner*, ARMY 20190276, 2020 CCA LEXIS 267, at *5 (Army Ct. Crim. App. 12 Aug. 2020) (summ. disp.).

## CONCLUSION

The sentence is SET ASIDE, as is the convening authority's action in approving the findings. The convening authority may direct a rehearing under R.C.M. 1103(f)(2).

Chief Judge KRIMBILL concurs.

Judge WALKER, dissenting:

This court has before it a verbatim transcript of the entire proceedings in this case, as required by the Uniform Code of Military Justice [UCMJ] and the *Manual for Courts-Martial* [*MCM*]. *See United States v. Lashley*, 14 M.J. 7 (C.M.A. 1982); UCMJ art. 54; Rule for Courts-Martial [R.C.M.] 1103(b). As such, this court can fulfill its statutory obligation under Article 66, UCMJ to ensure appellant's sentence is correct in law and fact and should be approved. I disagree with the majority that this case requires us to set aside the sentence and action and return it to the convening authority.

Prior to January 2019, our appellate authority to act with respect to the findings and the sentence of a court-martial extended only to cases in which a sentence included a punitive discharge or confinement for one year or more, and upon which a convening authority had acted and approved a sentence including one or both of those elements. UCMJ art. 66(c) (2018), *see also United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) ("The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute.") (citation omitted). The statutory obligation to prepare a "complete record of the proceedings" extended to those general courts-martial in which a sentence included death, a punitive discharge, or confinement for one year or more. UCMJ art. 54(c). When read in conjunction with one another, Articles 54 and 66, UCMJ, make it clear that "[t]he main reason for a verbatim record is to ensure an accurate transcript for purposes of appellate review and review by the convening authority." *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973); *United States v. Griffin*, 17 M.J. 698, 699 (A.C.M.R. 1983). The verbatim transcript in this case allows for both required reviews.

The military judge's remedy for the loss of the audio recording of the sentencing proceedings produced a verbatim transcript as required. Upon discovery of the loss of the entirety of the sentencing proceedings, prior to deliberation on or announcement of a sentence, the military judge took immediate remedial action to provide appellant a fair sentencing proceeding while complying with the requirement to provide a verbatim transcript in accordance with R.C.M. 1103(b). The military

judge determined it would be too difficult to reconstruct nearly four hours of witness testimony from the previous day. Rather than attempt to reconstruct the lost testimony—a difficult task given it involved the testimony of five witnesses—the military judge started the sentencing proceedings anew.

Having determined that reconstructing the testimony would be impossible, beginning anew is exactly what the military judge should have done and is the approach accepted by this court and our sister service courts. *See United States v. Griffin*, 17 M.J. 698, 700 (A.C.M.R. 1983) (the court affirming a military judge's remedy of beginning the victim's testimony anew which had not been recorded initially and instructing panel members to disregard her prior testimony and destroy any previously taken notes). The Air Force Court of Military Review found starting anew to be "correct in law and fact," and even commended the practice. *United States v. English*, 50 C.M.R. 824, 825 (A.F.C.M.R. 1975). As the government correctly asserts, the military judge's remedy in this case is "the preferred method of handling unrecorded testimony." *Griffin*, 17 M.J. at 699; *see also United States v. Lashley,* 14 M.J. 7, 8 (C.M.A 1982) (military judge reconstructing witness testimony during the trial proceedings immediately upon discovery). The Navy-Marine Corps Court of Military Review found no prejudice to appellant when a military judge began proceedings "de novo" upon the discovery of the failure of recording equipment. *United Sates v. Howard*, 9 M.J. 873, 875 (N.M.C.M.R. 1980). In *United States v. Howard*, the court considered the military judge's announcement that he would disregard prior testimony in beginning anew and noted that neither party challenged the military judge. *Id.*

I disagree with the majority that when a military judge remedies a recording error by starting anew, the military judge is required to "reconstruct" the entire record that was lost. The aforementioned cases in which a military judge started anew do not hold that doing so requires reconstruction of the lost testimony. Rather, those cases hold that starting anew and disregarding any prior testimony prevents prejudice to appellant regarding a verbatim transcript when the new proceeding is fully captured in the record. It is only in those cases in which a military judge attempts to actually reconstruct lost testimony that the entire record must be reconstructed and there cannot be any substantial omissions. *Lashley*, 14 M.J. at 9, (military judge's recalling of an FBI agent to reconstruct his testimony and fill in gaps in the recording provided complete "reconstruction" of testimony); *United States v. Brown-Austin*, 34 M.J. 578, 582-83 (C.M.R. 1983) ("Stipulation of Lost Testimony" as an attempt to reconstruct witness testimony was insufficient to satisfy verbatim transcript when completed without the assistance of the witnesses).

Attempting to reconstruct lost testimony months after adjournment of a court-martial is often an insurmountable task and also requires a verbatim reconstruction of the entire record that was lost. *See United States v. Davenport*, 73 M.J. 373 (C.A.A.F. 2014); *United States v. Steele*, ARMY 20170303, 2019 CCA LEXIS 95

(Army Ct. Crim. App. 5 Mar. 2019). In this case, the military judge made it clear on the record that he was not reconstructing the prior witness testimony as it would be impossible to do so. Rather, he was starting anew and disregarding any prior testimony. Therefore, I disagree with the majority's conclusion that the military judge was reconstructing lost testimony, and thereby erred in failing to require the government to recall CM. There was no requirement to do so based upon the facts in this case.

This court has before it a verbatim transcript of all of the testimony and evidence considered by the military judge during the plea inquiry and the sentencing proceedings. Given that the military judge had not yet announced a sentence in this case, or even begun deliberation, he had the option of either reconstructing the lost testimony or beginning anew. Unlike the aforementioned cases in which the military judge chose to reconstruct lost testimony or was forced to do so when the lost recording was discovered after adjournment, this court is not restricted to the consideration of reconstructed testimony in determining whether we have a verbatim transcript. *See English*, 50 C.M.R. at 826. The military judge advised both parties he would disregard all prior testimony, admitted documentary evidence, and any of his notes from the sentencing proceeding from the previous day. He then provided both parties the opportunity to inquire as to his impartiality, which neither did. The military judge also provided the appellant the opportunity to withdraw from his guilty plea. However, appellant elected to move forward with his plea and fully participated in the new sentencing proceeding. Both parties presented essentially the same sentencing case with the exception of the Government's failure to call the victim's son, CM, due to the late hour and his unavailability. The military judge provided the opportunity for the defense to call CM and present any evidence it desired from this witness, which the defense declined to do. The military judge again emphasized that he would not consider CM's testimony from the previous day. The military judge's actions resulted in a substantially verbatim transcript in which this court has before it all of the testimony and evidence considered by him in arriving at a sentence. This conclusion is based upon factors similar to those found in both *Lashley* and *Griffin*, to include the military judge's prompt remedial action while the recollection of witnesses and counsel were fresh, and the participation of both counsel in direct and cross-examination. *Griffin*, 17 M.J. at 699.

Given that we have before us a substantially verbatim transcript, we can review whether appellant's sentence is correct in law and fact. As the government correctly asserts, to set aside the sentencing proceeding given the facts of this case would "give the [appellant] a right, not based on law or reason, but upon the mere fact of a mechanical failure over which neither party had any control." *English*, 50 C.M.R. at 326. The appellant's right to have this court conduct its statutory review of his plea inquiry and the legality of his sentence is satisfied by the verbatim record before this court.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court